80 So.2d 243

### Herman E. BARRETT

v.

### Carl H. FONDREN, Adm'r.

### 7 Div. 253.

Supreme Court of Alabama.

March 10, 1955.

Rehearing Denied May 19, 1955.

Andrew W. Griffin, Birmingham, for appellee.

Starnes & Holladay, Pell City, for appellant.

PER CURIAM.

There is but one question sought to be presented on this appeal: that is, whether

the suit involves a claim within the non-claim statute which is Title 61, section 211, Code of 1940. The first count of the complaint claims damages for injuries to the person and property of plaintiff, and alleges that he was permanently injured; that he was made sick and sore and caused to suffer great physical pain and mental anguish, and to incur expense and loss of time from his work as a proximate consequence of the negligence of defendant's intestate causing a collision of two automobiles. This is alleged to have occurred on or about April 19, 1953. Count 2 alleges that plaintiff's injuries and damages were proximately caused by the wanton conduct of defendant's intestate. There were only two counts in the complaint.

The defendant filed some special pleas. It is only necessary to consider pleas 4, 5 and 6. A demurrer to each of them was overruled. Thereupon plaintiff took a non-suit on account of the adverse ruling and the court entered a proper judgment to that effect.

Plea No. 4 alleges that defendant was appointed administrator of the estate of James Arthur Fondren on April 27, 1953, and letters of administration were issued on that day by the Probate Court of Jefferson County. (Intestate's wrongful conduct is alleged in both counts to have proximately caused the collision and damages.) The plea further alleges that on May 2d, 9th and 16, 1953, defendant as administrator caused notice to creditors to be published in a newspaper of general circulation in Jefferson County, as is required by law (see sections 93, 94 and 95, Title 61, Code), and that plaintiff did not present his claim within six months after the grant of letters of administration by filing the claim or a statement thereof, verified by affidavit, in the office of the judge of probate of Jefferson County, Alabama. Plea 6 is in substance the same as plea 4.

Plea 5 alleges, among other details, that plaintiff filed a claim in the office of the judge of probate of Jefferson County on November 12, 1953, more than six months after the grant of letters of administration, and that the said probate court expunged said claim on December 22, 1953, after notice of motion to expunge was served on plaintiff.

The suit was filed July 22, 1953, which was about three months after letters of administration were issued to defendant.

The question of whether such a claim is included in the statute of non-claim, supra, has not been decided by this Court so far as our research discloses. In the case of Ex parte Zepernick, 259 Ala. 493, 66 So.2d 757, the Court was dealing with such a claim, but it had been presented in the manner provided by section 211, Title 61, Code. The question was the effect of section 216, Title 61, upon an independent suit on the claim when the personal representative had filed a written application to have the probate court pass upon its validity. The Court might have disposed of the matter if the claim was not within section 211, supra, by merely so stating, but it proceeded to hold in substance that section 216 did not affect the right to maintain the independent suit then pending. The question of the application of section 211 was sought and briefed, but the opinion observed that in view of what had been said in it there was no necessity to pass on the question.

Section 211, supra, provides that claims must be presented (which means in the manner required by section 214, Title 61, Code), within six months after the grant of letters and if that is not done within that time, they are forever barred and payment or allowance thereof is prohibited.

This suit was filed within the specified six months. The claim was not verified and not filed in the office of the probate judge as required by section 214, supra. Section 119, Title 61, provides that no suit must be commenced against an executor or administrator until six months after the grant of letters unless he has given notice of the disallowance of the claim.

This Court in the case of Moss v. Mosely, 148 Ala. 168, 41 So. 1012, treated such a claim as one which should be presented under the statute, but there was no decision of the question now attempted to be deter-

mined. The opinion referred to the case of Floyd v. Clayton, 67 Ala. 265. In the Clayton case it was distinctly held that the "commencement of a suit within the statutory period, and its continued prosecution, operates as a presentment of the claim on which the suit is founded." This latter case was also cited with approval of that principle in Stakely v. Executive Committee of Foreign Missions, 145 Ala. 379, 39 So. 653. They all seem to stem from Hunley v. Shuford, 11 Ala. 203. In that case the ruling was based upon the theory that by the suit defendant (executor) is informed of the nature of the demand and that plaintiff insists upon its payment, and that defendant could not be more effectually advised of those facts if the claim were formally presented to him and payment demanded. There was no note taken of the statute effective then, as now, prohibiting a suit against an administrator or executor within six months after the grant of letters. Section 6042, Code of 1923 (the same as in all previous Codes), section 119, Title 61, Code of 1940. In the Code of 1923, section 6042 also prohibited a judgment within twelve months after the grant of letters. The Act of August 1, 1931, General Acts 1931, page 841, amended that section by eliminating the prohibition against the rendition of a judgment within twelve months after the grant of letters. The Code of 1940 added to the prohibition of a suit in six months the proviso "unless the executor or administrator has given notice of the disallowance of the claim."

The benefit of this statute may be available by demurrer if the complaint shows on its face that it is violated. If not the subject of demurrer, a plea in abatement is appropriate and that may be waived. 34 C.J.S., Executors and Administrators, § 729, p. 730. Cf. Hammons v. Hammons, 228 Ala. 264, 153 So. 210. We do not have before us that question. The record shows an attempt to present it but the attempt was held to be ineffective. So we have a case where a suit was filed on the claim within six months after the grant of letters and the suit was still pending when the adverse ruling was made.

When the above mentioned cases were decided, it was sufficient to present the claim to the personal representative as well as by filing it in the probate court. Now it can only be done by filing it in the probate office. When we consider section 215, supra, making the revival of a pending suit a sufficient presentation, we cannot see why there is a difference in that respect from a new action begun within the six months period and prosecuted to effect after the death of the tort-feasor. They appear to have been treated an analogous in Moss v. Mosely, 148 Ala. 168(5), 179, 41 So. 1012. True, there would be no filing in the probate office, nor is there such filing when a suit is revived within six months after the death of the tort-feasor. We do not think the legislature meant to render ineffectual those cases holding that a suit filed within six months after the grant of letters is a sufficient presentation in so far as the purposes of that suit are concerned.

■ This record shows, therefore, that the pleas setting up a failure to observe the statute of non-claim are not sufficient to defeat plaintiff's suit and the demurrer to them should have been sustained.

The judgment of the circuit court should be reversed and the cause remanded with direction to set aside the non-suit, reinstate the cause and sustain the demurrer to pleas 4, 5 and 6.

We have investigated the authorities on the question of whether the non-claim statutes, sections 211, 214, and 216, Title 61, Code of 1940, apply to an unliquidated claim in tort for damages, as to which there is no standard for fixing the amount of them, especially when it is left to the discretion of the jury. The following support the theory that such claims are not within the statute. Frei v. Brownless, 56 N.Mex. 677, 248 P.2d 671; Howard v. Swift, 356 Ill. 80, 190 N.E. 102; Young Spring & Wire Corp. v. Falls, 307 Mich. 69, 11 N. W.2d 329(11); Van Wagoner v. Whitmore, 58 Utah 418, 199 P. 670(7); Allen v. Denk, Tex.Civ.App., 87 S.W.2d 303; Boyd v. Applewhite, 121 Miss. 879, 84 So. 16; Hancock v. Pyle, 191 Miss. 546, 3

So.2d 851; Dowling v. Garner, 195 Ala. 493, 70 So. 150; 21 Am.Jur. 581, section 352; 34 C.J.S., Executors and Administrators, § 398, p. 166.

An analogous situation exists under the Homicide Statute, section 123, Title 7, Code 1940; section 5696, Code of 1923, when a claimant seeks as a creditor without a judgment to get the benefit of section 897, Title 7, Code of 1940, section 7342, Code of 1923. The court held that on such a claim a judgment must be first rendered before he could qualify as a creditor without a lien. Dowling v. Garner, supra. This was reaffirmed in Galloway v. Shaddix, 197 Ala. 273, 72 So. 617. There are cases to the contrary. Pierce v. Johnson, 136 Ohio St. 95, 23 N.E.2d 993, 125 A.L.R. 867. See, Davis v. Shepard, 135 Wash. 124, 237 P. 21, 41 A.L.R. 169; 34 C.J.S., Executors and Administrators, § 398, p. 166. Cf. Moss v. Mosely, 148 Ala. 168(5), 41 So. 1012.

 It is not necessary in this case, as it was not in the Zepernick case, supra, to settle that question. There is much which could be said on both sides of it. The probate judge is not required to be a lawyer and often is not "learned in the law". His discretion in fixing the amount of the damages is in the first instance substituted for that of the jury even when the law is specific that the jury must fix the damages as in homicide cases. One purpose of the nonclaim statute is to enable the administrator to pay it if he ascertains it to be well founded. Boyd v. Applewhite, supra. The appeal now authorized to the circuit court with a trial by jury, if demanded, section 216, Title 61, pocket part Code, is not a cure for that difficulty. The probate judge would be first performing the function committed by law to a jury.

On the other hand in a homicide case the plaintiff has two years in which to sue. In others it is six years, section 21, Title 7, Code. In some others it is one year, section 26, Title 7, Code. The administrator is authorized to make final settlement after six months from grant of letters. Section 294, Title 61, Code. Having information of a claim subject to suit, he would not be safe in making settlement of the estate. The claim, when fixed, may render the estate insolvent. He would be uncertain about its solvency or his duty under sections 381 et seq., Title 61, Code. The question of liability insurance, if any, would be involved.

We do not feel disposed to make an interpretation of that status until it is necessary in the hope that the legislature will clear up the difficulty.

 The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.