120 So.2d 622 (1960)
Rubey TONEY, As Administratrix of the Estate of Earl Toney, Deceased, Appellant,
v.
Sylvester P. ADAIR, As Executor of the Estate of James Howard, Sr., Deceased, and Rory Lowe, As Executor of the Estate of Chester Anderson, Deceased, Appellees.
No. 59-569.
District Court of Appeal of Florida. Third District.
May 19, 1960.
Gilbert, Young & Rubin and Paul Grand, Miami Beach, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellees.
CARROLL, CHAS., Judge.
This is an appeal from an order entered by the circuit court in Dade County dismissing the complaint as to one of the defendants.
Following an automobile accident in which all involved were killed, this action was filed against the representatives of the estates of James Howard, Sr., who resided in Dade County, Florida, and Chester Anderson, who resided in Texas, for damages for wrongful death (under § 768.01, Fla. Stat., F.S.A.) allegedly caused by gross negligence of Howard and Anderson, while operating their separate cars. The plaintiff was a passenger in Howard's automobile. No written claim was filed in the county judge's court in Dade County, Florida, against the estate of Howard within the eight month period as required by the Florida *623 Statutes and the suit was not filed within that period.[1]
A motion to dismiss, filed on behalf of the representative in the Howard estate, was granted and judgment was entered dismissing the complaint as to that party.
The absence of a filed claim and tardiness in commencing suit did not show on the face of the complaint. The parties appear to have conceded the existence of the facts as to no filed claim and suit not being filed in the required period. Such facts are treated in the briefs as though established on the record, and the appeal was presented and argued on that basis. Cf. Toffel v. Baugher, Fla.App. 1959, 111 So.2d 290, 291.
The brief for the appellant states this single question:
"Does Section 733.16(1), F.S.A., which requires the filing of claims within eight months from the date of the publication of first notice to creditors, as a condition precedent to the validation of said claim, apply to an action for wrongful death?"
The question does not appear to have been ruled on in Florida, but appellant contends there is a division of authority on the question in other jurisdictions, citing decisions from Mississippi, New Mexico and Tennessee[2] holding that wrongful death actions may be brought without first filing claim against the estate of the alleged deceased wrongdoer.
We do not regard these holdings as having any bearing, persuasive or otherwise, on our ruling in this case, because the wording of the Florida Statute is plain to the effect that all claims, including claims for damages founded on a wrongful act of the decedent, to be valid and enforceable against the estate or representative thereof, must be filed in the office of the county judge having jurisdiction of the estate "within eight months from the time of the first publication of the notice to creditors."
*624 Section 733.16 of the Florida Probate Law is entitled "Form and manner of presenting claims; limitation." The statute is not cast in a form customary for statutes of limitation, but rather prescribes certain steps necessary to be taken in order for a claim to have validity and be enforceable. Thus, it is provided therein that in order for a claim "shall be valid or binding upon an estate, or upon the personal representative thereof," etc., a claim in the form and within the period therein provided for must be filed, or the action must be brought within that period.
Appellant points to § 95.11(6), Fla. Stat., F.S.A., which places a two year limitation on an action arising from an act causing a wrongful death, and contends that under that statutory provision the action for damages for wrongful death could be filed any time within such two year period, and appellant argues that where the Probate Law which specifies a shorter limitation, and the two year statute of limitations for wrongful death actions are in conflict, the latter should prevail. We can not agree. They operate in different areas. The statute of limitations (§ 95.11(6) makes no reference to actions against the estate of a deceased or his appointed representative. Clearly, the validity and enforcement of claims against estates are controlled by provisions with reference thereto as contained in the Florida Probate Law. The statute of nonclaim as contained in the Probate Law specifies the conditions and controls the period in which such actions for damages may be filed.
In the trial court and on the appeal it was asserted by the defendant and conceded by the plaintiff that plaintiff had failed to comply with the requirement for filing claim in the Howard estate, and had failed to file suit thereon within the period allowed for such purpose under the Florida Probate Law, § 733.16, Fla. Stat., F.S.A., in the absence of filing a claim. Therefore, the trial judge was eminently correct in dismissing the complaint as to the estate of Howard, the Florida decedent.
Affirmed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] § 733.16, Fla. Stat., F.S.A., provides in pertinent part as follows:

"(1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and postoffice address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said eight months as aforesaid;
"(a) Provided, however, that if suit upon any such claim or demand is filed and service of process therein had upon such personal representative within eight months from the time of the first publication of the notice to creditors, the claim or demand asserted by such suit shall not be impaired or affected by failure to file in the office of the county judge granting letters a claim or demand in manner and form as hereinabove provided, but such failure shall operate to preclude the plaintiff in such suit from recovering any suit costs or attorneys fees as an incident thereto; and the personal representative shall file in the office of the county judge granting letters a suggestion of the pendency of such suit and the same shall be entered on the claim docket."
[2] Boyd v. Applewhite, 121 Miss. 879, 84 So. 16; Hancock v. Pyle, 191 Miss. 546, 3 So.2d 851; Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671; Collins v. Ruttner, 185 Tenn. 290, 206 S.W.2d 298.