161 So.2d 545 (1964)
Frances HAYES, Appellant,
v.
Brantley D. THOMAS, Administrator of the Estate of William R. Gould, Appellee.
No. 3912.
District Court of Appeal of Florida. Second District.
February 26, 1964.
*546 Jack T. Edmund, Lake Alfred, W. Kenneth Barnes, Dade City, for appellant.
Charlie Luckie, Jr., of Dayton, Dayton & Luckie, Dade City, for appellee.
REVELS, P.B., Associate Judge.
This is an appeal from a summary final judgment in a wrongful death suit based upon an agreed statement of fact. The plaintiff, whose husband lost his life in an automobile collision while riding as a passenger in a car driven by William R. Gould, who was also killed in the same accident; that no claim was filed in the County Judge's Court or suit filed against the estate of William R. Gould, deceased, within the time required by Sec. 733.16(1), Florida Statutes, F.S.A. Oral argument having been heard, the briefs and record on appeal having been read and given consideration, it appearing that the question presented by this appeal has been resolved by authority of Toney v. Adair, Fla.App., 120 So.2d 622:
"Appellant points to § 95.11(6), Fla. Stat., F.S.A., which places a two year limitation on an action arising from an act causing a wrongful death, and contends that under that statutory provision the action for damages for wrongful death could be filed any time within such two year period, and appellant argues that where the Probate Law which specifies a shorter limitation, and the two year statute of limitations for wrongful death actions are in conflict, the latter should prevail. We can not agree. They operate in different areas. The statute of limitation (§ 95.11(6) makes no reference to actions against the estate of a deceased or his appointed representative. Clearly, the validity and enforcement of claims against estates are controlled by provisions with reference thereto as contained in the Florida Probate Law. The statute of nonclaim as contained in the Probate Law specifies the conditions and controls the period in which such actions for damages may be filed."
Gould had been involved in a prior accident and a liability insurance policy was furnished in compliance with Chapter 324, F.S.A. to establish proof of financial responsibility. Appellant contends this created a fiduciary fund which was not a part of Gould's estate and that Sec. 733.16 would not bar this action for failure to comply therewith. This is without merit because there is no distinction between the liability insurance issued to one who must furnish proof of financial responsibility and to one who is not so required. This does not affect the function and obligation of a liability insurance policy, nor does it change the right, obligation or responsibility of the respective parties involved. This is clearly shown in Chapter 324, which permits the posting of a liability policy to establish proof of financial responsibility; pertinent parts are as follows:
Sec. 324.031(1)  "Furnishing satisfactory evidence of holding a motor vehicle liability policy as defined in § 324.021(8) and § 324.151, or * * *"
Sec. 324.021(8) provides:
"* * * Any owner's or operator's policy of liability insurance furnished as proof of financial responsibility pursuant to § 324.031, insuring said owner and/or operator against loss from liability for bodily injury, death and property damage arising out of the ownership, maintenance or use of a motor vehicle in not less than the limits described in § 324.021(7), and conforming to the requirements of § 324.151, issued by any insurance company authorized to do business in this state."
Also, a portion of Sec. 324.151(1) provides:
"* * * and shall insure the owner named therein and any other person as operator using such motor vehicle or motor vehicles with the express or *547 implied permission of such owner, against loss from the liability imposed by law for damage arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles."
The plaintiff, under the facts of this case, cannot maintain a suit directly against the insurance company issuing the liability policy. See Canal Ins. Co. of Greenville, S.C. v. Sturgis, Fla.App., 114 So.2d 469.
The judgment of the lower court is affirmed.
WHITE and KANNER (RET.), JJ., concur.