KING, ADMR., APPELLEE, *v.* HARGIS, ADMX., APPELLANT.

(No. 485—Decided September 24, 1973.)

*Mr. Lawrence W. Carlier,* for appellee.
*Mr. John D. Erhardt,* for appellant.

BRENNEMAN, P. J. Plaintiff's decedent (John L. King) and defendant's decedent (William M. Hargis) were involved in an automobile accident on December 20, 1969, and both of them died as a result of the collision.

Plaintiff did not present a claim for the wrongful death of his decedent, as provided for in R. C. 2117.06 and R. C. 2117.07. A complaint was filed within two years seeking damages for "wrongful death" only.

A motion to dismiss was filed by the defendant in which it was urged that plaintiff's failure to present the claim within four months (R. C. 2117.06), or within nine months (R. C. 2117.07), was fatal to the action. The trial court sustained the motion, and entered judgment. Plaintiff, thereafter, filed a motion to vacate the judgment order entered in favor of the defendant. The trial court reversed its position, sustained the plaintiff's motion, and vacated the judgment of dismissal.

From the latter order, defendant timely appeals, claiming as a sole ground of error that:

"The trial court committed error when it vacated prior final judgment in favor of the defendant-appellant, the order to vacate impliedly having relieved plaintiff-appellee from a mandatory, statutory provision which required plaintiff to have first presented a claim to defendant-appellant's decedent's estate before filing an action for wrongful death. This appeal is on questions of law only."

Stated briefly, the question raised is whether a claim for *wrongful death only* must be presented to the executor or the administrator of the estate of the debtor, within the time requirements of R. C. 2117.06 and 2117.07, *wherein damages are claimed only from assets other than those of the debtor's estate?*

R. C. 2117.07 as amended August 9, 1963, in the last paragraph thereof, provides:

"Nothing in this section or in section 2117.06 of the Revised Code shall reduce the time mentioned in section 2305.10 of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to such section shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code."

The words "brought pursuant to," as used in that paragraph, have been determined to be limited to deal only with claims as may be covered by R. C. 2305.10. An action for wrongful death is not one of those claims, but deals only with "bodily injury or injuring personal property." See: *Collins* v. *Yanity*, 14 Ohio St. 2d 202.

An action for wrongful death must be brought within the time limitations of R. C. 2125.01 and 2125.02. If the defendant debtor is deceased, the claim must be presented to his legal representative in the manner and within the time limitations set forth in R. C. 2117.06 and 2117.07, even though the complaint specifically states that damages are sought from assets other than those of the deceased debtor's estate. *Collins* v. *Yanity, supra.*

The *Collins* case is distinguished from the case of

*Meinberg* v. *Glasser*, 14 Ohio St. 2d 193, and the case of *Houser* v. *Crum*, 31 Ohio St. 2d 90, in that those cases deal solely with claims for bodily injury, or injury to personal property, or both. In the case now before us, we deal only with a claim for wrongful death.

For the reasons stated, we are of the opinion that the trial court improperly granted plaintiff's motion to vacate its judgment order dismissing plaintiff's complaint. The order vacating the judgment dismissing plaintiff's complaint for wrongful death is reversed, and we enter a final judgment of dismissal in favor of the defendant (appellant), as the trial court should have done.

*Judgment reversed.*

VICTOR and HUNSICKER, JJ., concur.

BRENNEMAN and VICTOR, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District. HUNSICKER, J., retired, assigned to duty pursuant to Section 6 (C), Article IV of the Constitution.