The two issues before the Court on this appeal are: (1) whether a wrongful death claim pursuant to Code 1975, §6-5-410, against a decedent's estate, is subject to the provisions of the nonclaim statute, § 43-2-350; and (2) whether notice (within six months) given to the attorney for the estate of the defendant and the liability insurer precluded the entry of summary judgment. We respond in the affirmative as to the first issue and in the negative as to the second issue, and affirm the judgment below.
The facts of this case are uncomplicated, and are basically as follows:
An automobile accident involving two vehicles occurred on June 29, 1980, in Fort Deposit. Both drivers, Arthur James Ivory and Willie Fitzpatrick, died as a result of the accident. Arthur Ivory was a resident of New York.
In July of 1980, an attorney in New York contacted Robert D. Segall, the attorney of record for appellant in the instant case, and asked Segall to ascertain the liability limits of Willie Fitzpatrick's automobile insurance policy. Segall contacted both the attorney representing the estate of Willie Fitzpatrick and the liability insurer and informed them that the New York attorney would be contacting them regarding the accident. On August 19, 1980, appellee Fannie Fitzpatrick petitioned the probate court for letters of administration for the estate of Willie Fitzpatrick. The last notice of appointment was published on September 18, 1980.
On December 23, 1981, the New York attorney contacted Segall and asked him to represent the appellant, Patricia Ivory. A wrongful death action seeking a total of $75,000 in damages was subsequently filed on June 9, 1982, in Macon County.
In the action below, the appellee filed what was styled as a "motion to dismiss or in the alternative for summary judgment" stating as grounds that the appellant had failed to comply with the nonclaim statute. The trial court granted summary judgment on the ground that the wrongful death action was barred because appellant had failed to comply with the nonclaim statute. This appeal followed.
 I Appellant asserts that no Alabama case has directly held that the nonclaim statute[1] applies to wrongful death actions.[2]
Appellant further contends that under the circumstances of this case, the nonclaim statute does not bar the claim, because no claim is being made against estate funds but against proceeds from the deceased's automobile liability insurance; therefore, appellant contends, the appropriate time period within which to bring an action is the two-year period contained in the wrongful death statute. Finally, appellant argues that the underlying policy of allowing an action for wrongful death is to punish the wrongdoer and to deter others and that this policy should override the policy behind *Page 264 
the nonclaim statute, which is "to promote a speedy, safe and definitive settlement of estates by giving the personal representative notice of all claims against the estate in his hands." Smith v. Fellows, 58 Ala. 467, 471 (1877).
Even though appellant advances a novel theory, we hold that the case of Moore v. Stephens, 264 Ala. 86, 84 So.2d 752
(1956), is controlling under the facts of the case. In Moore, a wrongful death action was filed by the estate of Moore against the estate of Stephens some nine months after the probate court had granted the letters of administration to the administratrix of the Stephens estate. The Court stated that the "decided weight of authority [from other jurisdictions] requires the filing of notice of a tort claim within the time provided in the statute of nonclaim" and concluded:
 "[T]he statute of nonclaim is clear and unambiguous and must be construed to mean just what the words import, and the words `all claims against the estate of the decedent' should be construed to include all claims not specifically excepted, and thus to include tort claims."
264 Ala. at 86, 84 So.2d at 760.
Indeed, the six-month nonclaim period and the two-year limitation period of the wrongful death statute are conditions precedent to the maintenance of a suit against an estate of an alleged wrongdoer based upon a wrongful death cause of action.See Jones v. Drewry, 72 Ala. 311, 317 (1882). See also WoodwardIron Co. v. Craig, 256 Ala. 37, 40, 53 So.2d 586, 588 (1951). While the filing of a suit in circuit court within the six-month limitation period obviates the need of filing a claim in the probate court as required by the nonclaim statute,Barrett v. Fondren, 262 Ala. 537, 80 So.2d 243 (1955), appellant neither filed a claim nor a suit within the six-month period.
The Court recognizes that statutes of limitation are not applicable to wrongful death actions, Woodward Iron Co. v.Craig, supra, 256 Ala. at 40, 53 So.2d at 588; however, the nonclaim statute is not simply a statute of limitations: "The whole theory of the statute is to create a defense broader inits operation than the statute of limitations, not only barring remedies, but extinguishing debts and liabilities." Fretwell v.McLemore, 52 Ala. 124, 144 (1875). (Emphasis added.) As the Court elaborated in Yniestra v. Tarleton, 67 Ala. 126 (1880):
 "The following authorities show that, under our decisions and legislation, the statute of non-claim
has never been regarded merely as a statute of limitations, but that the two systems have been recognized as separate and distinct, and embrace scopes of policy not commensurate, but, in many particulars, essentially diverse. — Fretwell v. McLemore, 52 Ala. [124], 140; McDowell's Adm'r v. Jones' Adm'r, 58 Ala. 25; Halfman's Ex'rs v. Ellison, 51 Ala. [543], 545; Branch Bank v. Donelson, 12 Ala. [741], 742."
67 Ala. at 129.
This reasoning has also been recognized as it relates to "claims for damages growing out of torts against [a] municipality" which must be presented to the city clerk within six months or be barred, Code 1975, § 11-47-23. The six-month limitation period relating to claims against a municipality has been construed to be not merely a statute of limitation but a statute of nonclaim similar to the probate nonclaim statute.See Taylor v. City of Clanton, 245 Ala. 671, 18 So.2d 369
(1944); City of Huntsville v. Goodenrath, 13 Ala. App. 579,68 So. 676 (1915).
The appellant urges this Court to "carve out an exception to the nonclaim statute to the extent that a third party [(e.g.), insurance liability carrier] is fully liable for the damages claimed" and "the estate is not jeopardized in any way." In the case of Clarke v. Organ, 329 S.W.2d 670 (Mo. 1959), a similar argument was articulated by the plaintiff. Rejecting the suggestion that there was no charge being made against the estate because of the existence of liability insurance, the Missouri Supreme Court observed: *Page 265 
 "We note also that although there may be liability insurance, an estate would always be subject to a contingent liability upon a tort judgment, which liability might arise upon the insolvency of the insurer or because of the unenforcibility of the policy for violation of its provisions, or otherwise. The mere existence of insurance is not always a complete exoneration of the estate and its assets and heirs. If the courts should presume to say as we are asked to do here, that the assets of an estate valued at $125.00 should be disregarded and a recovery permitted directly against the insurance, — then what, — may we ask — should we rule on an estate valued at $500.00, $1,000, $2,500.00 or $5,000.00, under otherwise similar circumstances? Where could one possibly draw the line, looking merely at the practical side of the question? The rulings sought here might well introduce a measure of chaos into the administration of estates (and the decisions of the courts) dependent to an extent upon the existence of liability insurance and the running of the five-year tort statute of limitations or the one-year death limitation, with all the contingencies engendered by these factors. We cannot rewrite the law for one particular set of facts and circumstances, though the result may be harsh. [Cite omitted.] There is an ever present temptation to let bad cases make bad law, which must sometimes be resisted."
329 S.W.2d at 675, 676. The Court finds the reasoning of the Missouri Supreme Court to be persuasive, and under the circumstances of this case we refuse to create a special exception where liability insurance is, or could be, involved. This reasoning also conforms with, and is supported by, our rule that an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured. Maness v. Alabama Farm Bureau Mut. Casualty Ins. Co.,416 So.2d 979, 981-982 (Ala. 1982).
Consequently, the Court finds the rationale of Moore v.Stephens, supra, applicable to the instant case and holds that a wrongful death claim against an estate, irrespective of the existence of insurance proceeds, is barred by the statute of nonclaim unless the claim is presented within six months after the probate court grants letters testamentary. Accord Swann v.Estate of Monette, 265 F. Supp. 362 (W.D.Ark. 1967), aff'd,400 F.2d 274 (8th Cir. 1968); Hayles v. Thomas, 161 So.2d 545
(Fla.App. 1964); Toney v. Adair, 120 So.2d 622 (Fla.App. 1960);Jackson v. Arooth, 359 Mass. 721, 271 N.E.2d 586 (1971); Clarkev. Organ, 329 S.W.2d 670 (Mo. 1959); King v. Hargis, 37 Ohio App.2d 92, 307 N.E.2d 40 (1973); Moultis v. Degen, 279 S.C. 1,301 S.E.2d 554 (1983). Cf. Pitzer v. Smith, 123 Cal.App.3d 73,176 Cal.Rptr. 407 (Ct.App. 1981); Jackson v. Bates,133 Colo. 248, 293 P.2d 962 (1956). But see Bodine v. Stinson, 85 Nev. 657, 461 P.2d 868 (1969); Force v. Sanderson, 56 N.C. App. 423,289 S.E.2d 56 (1982).
 II
The appellant insists the undisputed evidence is that both the attorney for the estate of Willie Fitzpatrick and a representative of the insurance liability company were notified of the appellant's claim very shortly after the claim arose and consequently "[t]here is no rational difference which should cause the present case to be treated any different than a case already pending against Willie Fitzpatrick at the time of his death." Rule 25 (a), Ala.R.Civ.P., which relates to the substitution of parties when the defendant in the case dies, is cited by appellant in support of this contention. Rule 25 (a)(3) provides:
 "In any such pending action the failure of any party to comply with [§ 43-2-350] (Statute of non-claims) shall not be a bar to a claim against the estate to the extent that the estate is entitled to assert any right under any contract providing for the payment of the judgment in said action."
Hence, appellant's argument is that if a deceased is insured, the failure to file a claim against the estate of the deceased does not bar the pending claim. *Page 266 
The Court, however, is unpersuaded by appellant's argument in this respect. Knowledge by the personal representative of a claim against an estate does not suffice to conform with the nonclaim state; there must be some formality of presentation.Roberts v. Grayson, 233 Ala. 658, 661, 173 So. 38, 40 (1937). As stated in Fretwell v. McLemore, supra:
 "Knowledge of the existence of a claim, on the part of the personal representative, no matter how full and complete, will not dispense with an actual presentment, or something equivalent thereto."
52 Ala. at 140.
The Court finds that the wrongful death claim filed by the appellant, despite any notice appellant may have given to the attorney for the estate of Willie Fitzpatrick or to the representative of the insurance carrier, was filed more than six months after appellee was granted the letters of administration as administratrix of the estate of Willie Fitzpatrick, and the Court concludes that the claim was barred by the nonclaim statute; therefore, the trial court acted properly in granting summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Section 43-2-350 (b) provides:
 "All claims against the estate of a decedent, other than the claims referred to in subsection (a) of this section, whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited. Such presentation must be made by filing a verified claim or verified statement thereof in the office of the judge of probate of the county in which the letters are granted. Claims which have not been filed and which are liens against the real or personal property of the decedent may be paid by the personal representative to protect the assets of the estate. The provisions of this subsection do not apply to heirs or legatees claiming as such."
[2] Section 6-5-410 (d) provides: "Such action[s] must be commenced within two years from and after the death of the testator or intestate."