ALMON, Justice.
Ruth Blackwell appeals from the dismissal of her claim against the estate of Louie Bascom Stringer for services rendered. There are two issues before this Court: (1) Whether Blackwell’s filing of a claim against an estate in circuit court, along with a will contest, was sufficient presentment to prevent Blackwell’s claim from being barred as untimely; and (2) Whether Blackwell was a known or reasonably ascertainable creditor entitled to “actual notice” of the appointment of an executor for Stringer’s estate.
The will of Louie Bascom Stringer, deceased, together with codicils thereto, was duly admitted to probate on May 23, 1990, and letters testamentary were granted to the executor, Lee B. Williams. The six-month time limit for filing a claim against the estate was November 23, 1990, the Friday after Thanksgiving. That Friday was a legal holiday; therefore, the time for filing was extended to Monday, November 26, 1990.
On November 26, 1990, Blackwell’s counsel sent a secretary to file the estate claim in probate court and a will contest in circuit court. The secretary experienced automobile trouble, and another lawyer from the firm was sent to file the claim and other pleadings. The lawyer telephoned the probate clerk and asked if she would remain in her office until he could get there. The clerk refused.
The lawyer arrived at the Clarke County courthouse and found it closed. He went to the sheriff’s office in the courthouse and telephoned the deputy circuit clerk regarding the filing of the will contest. The deputy circuit clerk told the lawyer that it would be sufficient for the purpose of a filing date to leave the pleadings and the filing fee with a dispatcher in the sheriff’s office. The clerk agreed to stamp the contest filed on November 26, 1990, even though it would not be physically received in the clerk’s office until November 27, 1990. There was no conversation between the lawyer and the deputy circuit clerk regarding the estate claim. The lawyer left both the estate claim and the will contest with the dispatcher.
On November 27, 1990, Blackwell’s counsel telephoned the probate clerk and she *58 agreed to stamp the claim as “filed November 26, 1990,” if it was placed on her desk on November 27. On that same day, a deputy sheriff delivered both the will contest and the estate claim to the circuit clerk’s office and the circuit clerk stamped them both as “filed November 26, 1990.” Approximately one week later, the clerk realized that one of the documents was an estate claim and forwarded it to the probate clerk. The claim was stamped “filed” in the probate court on December 3, 1990. On November 26 and 27 this estate was still pending in the probate court. Blackwell did not file a motion to transfer the estate proceedings to circuit court until November 30, 1990.
The trial court granted the estate’s motion to dismiss the claim, and Blackwell now appeals. The trial court considered materials outside the pleadings; therefore, we will treat this dismissal as a summary judgment. Rules 12(b) and 56, Ala.R.Civ.P.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Fincher v. Robinson Brothers Lincoln-Mercury, Inc., 583 So.2d 256 (Ala.1991). The applicable standard of review is the “substantial evidence” rule. § 12-21-12, Ala.Code 1975:
“[Sjubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Blackwell argues that her filing of the estate claim in the Clarke County Circuit Court within the statutory period of six months from the granting of letters testamentary was sufficient presentment to satisfy the nonclaim statute, § 43-2-350, Ala.Code 1975 (Cum.Supp.1990). She also contends that she was a known or reasonably ascertainable creditor entitled to actual notice, pursuant to § 43-2-61(1), Ala. Code 1975 (Cum.Supp.1990).[1]
Section 43-2-350(b) requires that all claims against a decedent’s estate be presented “within six months after the grant of letters, or within five months from the date of the first publication of notice, whichever is the later to occur, provided however, that any creditor entitled to actual notice as prescribed by § 43-2-61 must be allowed 30 days after notice within which to present the claim.” Any claims not presented within these time limits are “forever barred and the payment or allowance thereof is prohibited.” § 43-2-350(b). That section also requires that presentation of all claims must be made by filing a verified claim or statement in the office of the judge of probate of the county where the letters are granted. Id.
Blackwell’s filing of her estate claim did not comply with the statutory six-month limit of § 43-2-350(b). That section requires filing in the probate judge’s office; however, Blackwell argues in her brief that the filing of her claim in the circuit court within the time period was sufficient presentment to satisfy Alabama’s nonclaim statute, § 43-2-350.
Blackwell cites two cases in support of this argument. In Barrett v. Fondren, 262 Ala. 537, 80 So.2d 243 (1955), the plaintiff filed an action in circuit court for personal injuries and loss alleged to have occurred in an automobile collision involving the defendant’s intestate. The action was filed about three months after letters of administration had been issued to the defendant. The action was not verified and was not filed in the office of the probate judge as required by Ala.Code 1940, Tit. 61, § 211 (predecessor of § 43-2-350(b)). The circuit court held that the plaintiff’s claim was barred as untimely.
*59 This Court stated in Barrett that the “commencement of a suit within the statutory period, and its continued prosecution, operates as a presentment of the claim on which the suit is founded.” Barrett, 262 Ala. at 540, 80 So.2d at 245 (quoting Floyd v. Clayton, 67 Ala. 265 (1880)).
The Court went on to hold that by the filing of the suit the defendant was made aware of the nature of the demand and that payment was insisted, and that the defendant “could not be more effectually advised of those facts if the claim were formally presented to him and payment demanded.” Barrett, 262 Ala. at 540, 80 So.2d at 245. The Court noted that when a pending suit is revived within six months after the death of the tort-feasor, the revival is a sufficient presentment, and the Court found no difference between a revival of a suit and a new action begun within the time limit and prosecuted after the tort-feasor’s death. Id. There would be no filing in the probate judge’s office of the new action, nor is any such filing required when a suit is revived within six months after the tort-feasor’s death. The Court held that the legislature did not intend to “render ineffectual those cases holding that a suit filed within six months after the grant of letters is a sufficient presentation in so far as the purposes of that suit are concerned.” Id.
The second case Blackwell relies on is Ivory v. Fitzpatrick, 445 So.2d 262 (Ala.1984). Ivory brought a wrongful death action in circuit court against the estate of the decedent approximately two years after letters of administration had been issued. The trial court entered a summary judgment on the ground that the failure to comply with the nonclaim statute barred Ivory’s action. Ivory appealed, and this Court concluded that the nonclaim statute was clear and unambiguous and should be construed to include all claims not specifically excepted, thus to include tort claims. Ivory, 445 So.2d at 264 (citing Moore v. Stephens, 264 Ala. 86, 84 So.2d 752 (1956)).[2] Based on that conclusion, the Court held that Ivory’s wrongful death action was barred by the nonclaim statute as untimely. The Court stated that had Ivory filed within the six-month limit in circuit court the claim would have been timely and it would have been unnecessary to file the claim in the probate judge’s office.
Contrary to Blackwell’s argument, Barrett and Ivory are distinguishable from the present case. In both Barrett and Ivory the claims were stated in actions properly filed in circuit court. Blackwell’s civil action was not based on any claim against the estate, but was instead a will contest. Blackwell’s claim that the estate owed her money for services rendered did not arise from the will contest. Therefore, the exception in Barrett and Ivory does not apply in this case and does not excuse Blackwell from compliance with the nonclaim statute. The prescribed mode for proper filing of claims not excepted from the nonclaim statute is “exclusive and mandatory, and the consequence of a failure to conform to that mode is that such claims ‘are forever barred, and the payment or allowance thereof is prohibited.’ ” Smith v. Nixon, 205 Ala. 223, 224, 87 So. 326, 327 (1921). Blackwell did not comply with the nonclaim statute and her claim was, therefore, barred.
Blackwell also argues that she was a known or reasonably ascertainable creditor entitled to actual notice under § 43-2-61, and that, because she never received such “actual notice” from the executor, she was entitled to an additional 30-day period to file her claim, notwithstanding the expiration of the six-month period. Section 43-2-60 requires the personal representative to give notice of the appointment, including the deceased’s name, the date letters were granted, the court granting the letters, and the county, and to notify all persons with *60 claims against the estate that they must present the claims within the time period or they will be barred. § 43-2-60, Ala.Code 1975 (Cum.Supp.1990). Actual notice must be by “first-class mail addressed to their last known address, or by other mechanism reasonably calculated to provide actual notice, to all persons ... having claims against the decedent, who are known or who are reasonably ascertainable by the personal representative within six months from the grant of letters.” § 43-2-61(1).
The record indicates that Blackwell was not a known or reasonably ascertainable creditor. The evidence shows that before the will was admitted to probate, the executor of the estate had met with Blackwell and informed her that he needed information regarding the assets and any debts of the estate. The executor testified that she handed over several bills, including telephone and utility bills, but never indicated that she had a claim for her services, and the record does not indicate any reason why the estate should have anticipated her claim.
Blackwell argues that, because the executor knew she had a power of appointment to take care of the business affairs of the decedent and that she was at one time a beneficiary under the decedent’s will, the executor was placed on notice that she might have an equitable claim against the estate for services rendered. These facts do not give such notice of Blackwell’s claim as to invoke the “actual notice” provision of § 43-2-61(1). The executor did not know that Blackwell would assert a claim, and he testified in the record that he did what he felt was reasonable to ascertain anyone who was owed a debt by the estate. Blackwell was not a known or reasonably ascertainable creditor simply because she eventually filed a claim against the estate.
The evidence presented by Blackwell on the estate’s motion for summary judgment was not sufficient to raise a genuine issue of material fact for the jury as to whether she was a known or reasonably ascertainable creditor. Because we now hold that Blackwell was not known or reasonably ascertainable as a creditor of the estate, it is unnecessary for this Court to address the issue of whether Blackwell received actual notice.[3] Therefore, the summary judgment for the estate regarding Blackwell’s estate claim was proper.
AFFIRMED.
MADDOX, ADAMS, STEAGALL and INGRAM, JJ., concur.

. The pertinent provisions of these two sections were amended in 1989. 1989 Ala.Acts No. 89-811.

. See also Hartford Accident & Indem. Co. v. Kuykendall, 287 Ala. 36, 247 So.2d 356 (1971) (contingent claims, i.e., claims that may never accrue, are an exception to nonclaim statute); King v. Coosa Valley Mineral Products Co., 283 Ala. 197, 215 So.2d 275 (1968) (claim of cestui que trust for whom decedent was trustee is not subject to nonclaim statute so long as trust can be traced and enforced by appropriate proceedings); Gilbreath v. Levi, 270 Ala. 413, 119 So.2d 210 (1959) (claim by widow for a homestead need not be filed as a claim against the estate).

. Although Blackwell had knowledge of the filing of the will for probate, she argues that she was never notified of any time limit for filing a claim. Because we hold that she was not a “known or reasonably ascertainable creditor” entitled to "actual notice” under § 43-2-61(1), we express no opinion as to whether more formal notification is necessary for such a creditor.