This is an appeal from a partial summary judgment made final by entry of a proper Rule 54 (b), ARCP, order. The judgment dismissed counts three and four of the complaint. We affirm.
In count three, Richard G. Stewart sought to recover damages of State Farm Insurance Company on the theory that he was a third party beneficiary of the insurance contract between State Farm and David B. Braddock, also a defendant in this action. That count alleged that he, Stewart, was a third party beneficiary because of his status as a member of the public injured by Braddock's neligent operation of a motor vehicle.
By count four, Stewart sought compensatory and punitive damages for the bad faith breach of an alleged settlement agreement between him and State Farm.
The issues here for review are two in number and are correctly stated by State Farm as:
 "1. Whether a member of the public injured as a result of the operation of a motor vehicle by an insured is a third party beneficiary of the automobile insurance policy owned by the insured and thus entitled to bring a direct action for bad faith against the insurer.
 "2. Whether the tort of bad faith exists in Alabama for breach of an ordinary settlement agreement between two parties."
By count three, Stewart is seeking to maintain a direct action against defendant Braddock's insurer. This is not permitted in Alabama. Maness v. Alabama Farm Bureau MutualCasualty Insurance Co., 416 So.2d 979, 982 (Ala. 1982). This matter is properly addressed to the legislature.
Breach of the alleged settlement agreement does not create a cause of action sounding in tort. Kennedy Electric Co. v.Moore-Handley, Inc., 437 So.2d 76 (Ala. 1983).
Because the damages for which the insured Braddock is legally liable have not been reduced to judgment, there cannot yet have been a breach of an alleged settlement agreement between Stewart and State Farm providing for payment to Stewart of damages for which Braddock would become legally liable. Further, the tort of bad faith refusal to pay is that refusal to pay valid claims made by the insured of his insurance carrier. Chavers v. National Security Fire and Casualty Co.,405 So.2d 1 (Ala. 1981).
The judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON and ADAMS, JJ., concur.
SHORES and BEATTY, JJ., concur in part, dissent in part.
JONES, J., dissents.
TORBERT, C.J., not sitting.