EMBRY, Justice.
Dennis and Nancy Strother appeal from a judgment dismissing counts two and three of their action against Alabama Farm Bureau Mutual Casualty Insurance Company. We affirm.
The Strothers were in an automobile accident with one Cara Lott which they claim was the result of negligent or wanton conduct upon the part of Lott in the operation of her automobile in causing it to collide with and damage the Strothers’ automobile.
Alabama Farm Bureau Mutual is the liability carrier for Lott, but was not, and is not, the insurer of the Strothers.
The Strothers have an action pending against Lott and Alabama Farm Bureau Mutual arising from the automobile accident. There has been no judgment entered against Lott in that action. Count one of the action against both defendants is based upon the operation by Lott of her automobile.
The following counts were dismissed for failure to state claims against Alabama Farm Bureau Mutual:
“Count Two
“No. 1: Plaintiffs re-allege each and every allegation of Count 1.
“No. 2: Alabama Farm Bureau Mutual Casualty Insurance Company is the insurance carrier for the defendant Cara Lott. After the accident made the basis of this lawsuit, Jonathan Bailey, an agent of Alabama Farm Bureau Mutual Casualty Insurance Company, represented to the plaintiffs that Alabama Farm Bureau Mutual Casualty Insurance Company would work with them in adjusting the loss, including furnishing a rental car and paying for the damage done by the defendant Cara Lott. The representations of Jonathan Bailey, acting in line and scope of his duties as a claims adjuster for Alabama Farm Bureau Mutual Casualty Insurance Company, were false and were made either negligently, recklessly or wilfully. The statements were made with the intent that the plaintiffs rely upon such statements, and the plaintiffs did rely, to their detriment. After said Jonathan Bailey made such representations, other agents or employees of *86 Alabama Farm Bureau Mutual Casualty-Insurance Company, represented to the plaintiffs, that they would pay for the car to be fixed in Atlanta, Georgia. Said representations were false in that Alabama Farm Bureau Mutual Casualty Insurance Company has refused to pay for said repairs made in Atlanta, Georgia. The plaintiffs relied upon such representations, to their detriment, in that bills in Atlanta, Georgia, have been incurred and have not been paid by Alabama Farm Bureau Mutual Casualty Insurance Company. The representations were false and made either negligently, recklessly or wilfully. The representations were made with the intent that the plaintiffs rely upon them, and the plaintiffs did so rely, to their detriment.
“Count Three
“1. Plaintiffs re-allege and adopt each and every allegation of Count One and count Two.
“2. That the conduct of Alabama Farm Bureau Mutual Casualty Insurance Company was outrageous and the acts of the agents of said Alabama Farm Bureau Mutual Casualty Insurance Company constitutes the tort of outrage. The Defendant Alabama Farm Bureau Mutual Casualty Insurance Company acting by and through its agents, servants and employees conducted themselves in such a manner so that their conduct was so extreme [in] degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable [in a] civilized society. As a proximate result of such outrageous conduct, the plaintiffs suffered mental distress.”
As correctly contended by Farm Bureau Mutual, Stewart v. State Farm Insurance Company, 454 So.2d 513 (Ala.1984), here controls. In Stewart, it was stated:
“By count three, Stewart is seeking to maintain a direct action against defendant Braddock’s insurer. This is not permitted in Alabama. Maness v. Alabama Farm Bureau Mutual Casualty Insurance Co., 416 So.2d 979, 982 (Ala.1982). This matter is properly addressed to the legislature.
“Breach of the alleged settlement agreement does not create a cause of action sounding in tort. Kennedy Electric Co. v. Moore-Handley, Inc., 437 So.2d 76 (Ala.1983).
“Because the damages for which the insured Braddock is legally liable have not been reduced to judgment, there cannot yet have been a breach of an alleged settlement agreement between Stewart and State Farm providing for payment to Stewart of damages for which Braddock would become legally liable....”
Also see Ivory v. Fitzpatrick, 445 So.2d 262 (Ala.1984). The fact that the Stroth-ers’ complaint is stated in terms of fraud and the tort of outrageous conduct does not affect this principle of the inability to bring a direct action against Lott’s insurer sounding in tort arising from what amounts to breach of an alleged settlement agreement where damages which the insured may become legally liable to pay have not been reduced to judgment.
For the reasons stated, the judgment below, final because of a proper Rule 54(b), ARCP, order, is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.