This is an appeal by plaintiff, Thomas Eugene Clardy, from a summary judgment granted in favor of defendant, Royal Insurance Company of America ("Royal"). We reverse and remand.
Clardy was involved in an automobile accident with David Swierc on May 24, 1984. Swierc had automobile insurance with Royal. After the accident, Royal allegedly represented to Clardy that it would be responsible for the damage caused by Swierc to Clardy's vehicle. Royal also allegedly told Clardy not to have his vehicle repaired until a Royal agent could view it and that Royal would pay all rental charges on a comparable vehicle for Clardy's use during the delay. Clardy contends that these representations were fraudulently made and that they were relied upon by Clardy to his detriment, and he further contends that due to Royal's long delay in inspecting the vehicle, the rental charges were unreasonable. Royal subsequently refused to pay the rental charges that Clardy had incurred during that delay.
Clardy filed suit against Royal on May 22, 1985, alleging fraud and breach of contract, seeking compensatory and punitive damages. On July 19, 1985, Royal answered the complaint, denying all allegations. In addition to maintaining the suit against Royal, Clardy was also maintaining a suit against Swierc; however, neither this Court nor the trial court was supplied with a copy of the complaint against Swierc.
On August 6, 1985, Royal filed a motion for summary judgment. On August 21, 1985, Clardy filed the following affidavit in opposition to the motion for summary judgment:
 "My name is Thomas Eugene Clardy and I am the plaintiff in the above matter. After David M. Swierc drove negligently or wantonly into the vehicle which I was driving on May 24, 1984, I was told by Mr. Gary Sandelin, an employee of the defendant, that Royal Insurance Company would be financially responsible for the damages caused by Mr. Swierc. Mr. Sandelin told me to rent a car and Royal would pay for the rental cost. Subsequently, I informed agents or employees of Royal of the car that I had rented and the location of my damaged automobile. The agents or employees of Royal requested that I delay having my damaged automobile repaired until Royal could send someone to view the damage and authorize the repairs. I made many telephone calls to Royal trying to get someone to view the damaged automobile and authorize the repairs as was represented to me. On July 13, 1984, a representative of Royal finally inspected the damaged vehicle. My car was repaired and I paid the invoice of $1,265.00 on August 15, 1984. Pursuant *Page 60 
to Royal's representations, I had a rental car comparable to my damaged vehicle during the time my car was being repaired. Royal was fully aware of this during the whole time, but has not paid the rental charges of $4,311.02 plus about $40.00 in long distance telephone calls."
Royal apparently argued at the hearing on the motion, as it does before this Court, that Strother v. Alabama Farm BureauMutual Casualty Co., 474 So.2d 85 (Ala. 1985), bars Clardy from maintaining a direct cause of action against Royal, Swierc's carrier.
On August 28, 1985, the trial court granted Royal's motion for summary judgment and dismissed the case, on the basis ofStrother. On December 2, 1985, the trial court denied Clardy's motion for reconsideration.
One issue is dispositive of this case: May a plaintiff in an automobile accident case maintain a separate cause of action against a defendant's insurer at the same time that plaintiff is maintaining a cause of action against the defendant?
Clardy argues that the trial court erred in granting summary judgment based on Strother, contending that Strother is distinguishable from the present case. We agree.
In Strother, the plaintiff sued both the insured and his insurance company, claiming against both the same damage, the cost of repairing the damaged vehicle in Atlanta. There were no damages other than the repair bill. This Court held that a plaintiff cannot sue the insured defendant's insurer directly where damages which the insured may become legally liable to pay have not been reduced to judgment. In the present case, however, Clardy is not seeking to recover against Royal for the repair bill or even for the reasonable cost of the rental vehicle used while his damaged car was being repaired. Swierc would be responsible for both of these reasonable costs.Hamrick v. Daniel, 449 So.2d 1247 (Ala.Civ.App. 1984). Clardy is seeking to recover against Royal only for the unreasonable
rental costs arising out of the alleged representations made to him by Royal.
Clearly then, Clardy was not suing Royal for damages which Swierc may become legally liable to pay. Rather, Clardy was suing for damages which only Royal could possibly become legally liable to pay. Swierc could not be liable under the fraud or breach of contract causes of action, because Swierc was not a party to any representations made or any oral contract entered into between Royal and Clardy. Moreover, there was absolutely no evidence proffered to indicate that Royal was acting as Swierc's agent when making the alleged statements concerning the rental car.
Summary judgment is due to be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. All reasonable doubts concerning the existence of a material fact must be resolved against the moving party. Rule 56 (c), A.R.Civ.P.; Pruitt v.Elliott, 460 So.2d 1275 (Ala. 1984).
There are several issues of fact which must be resolved for the proper disposition of this case. For example, it must be determined if Royal's conduct caused unreasonable rental expenses and, if so, the portion of the rental charges which are solely due to Royal's conduct. Additionally, it must be determined if Royal's representations were made intentionally, recklessly, or innocently.
Having found that the trial court incorrectly relied onStrother and that there are genuine issues of material fact, we must reverse the judgment of the trial court and remand the cause for further proceedings. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur. *Page 61