BEATTY, Justice.
This is an appeal by plaintiff, A1 Crick, from a summary judgment granted in favor of defendant, Allstate Insurance Company (“Allstate”). We reverse and remand.
On October 20, 1984, Crick was injured when the driver of the automobile in which he was a passenger allegedly ran a stop sign, causing the automobile to crash. The driver of the automobile was Michael Knight, Allstate’s insured. Crick was taken to Humana Hospital in Birmingham. After the accident was reported to Allstate, two of its claims representatives, Sherry Lader and Lawrence Gregory, visited Crick in the hospital. According to Crick’s affidavit submitted in opposition to Allstate’s motion, the two agents talked to him for a while, and then told him that if he would give them a statement, he “had absolutely nothing to worry about and that they would pay all of [his] medical bills.” In his affidavit, Crick further stated the following:
“I had planned at that time to see a lawyer about my injuries and felt that I should not talk to the insurance company. Because the insurance people told me, however, that they would pay all of my bills if I would give a statement I gave the statement.
“At no time did anyone say to me that the payment of all my medical bills was dependent on my signing a release. No one mentioned to me that the discussion involved a settlement of any claims I might have against any person.
“The only reason I gave a statement is because of the representation that if I did, the insurance would pay all of my medical bills. I never had any idea that I would have to release anyone in exchange for having my medical bills paid. If it had not been for this representation, I would have talked to a lawyer before talking to the insurance people.”
Allstate, on the other hand, contends that when its representatives went to see Crick, he told them that he had no medical insurance and was quite concerned about the medical expenses he was incurring while in the hospital. Allstate contends that its representatives told Crick that if he would work with them when he got out of the hospital, his medical expenses would be taken care of. Allstate maintains that its representatives did not go into any further details concerning settlement or when or how the bills would be paid.
After Crick was released from the hospital, his attorney contacted the Allstate claims representatives and submitted medical bills totalling over $2,000, the medical payment limit of Knight’s policy. According to Allstate, Crick’s attorney wanted all *1390 of the bills paid unconditionally and without the execution of a release. However, under Knight’s policy, medical claims exceeding $2,000 were subject to negotiation under the liability coverage portion of the policy. Allstate sent a check in the amount of $2,000 to Crick’s attorney, but that check was returned. Although negotiations subsequently took place, a settlement agreement was never reached between Crick and Allstate.
Crick thereafter filed this action against, among others, Knight, alleging negligent operation of the automobile, and against Allstate and the two claims representatives individually, alleging misrepresentation. Crick amended his complaint to strike the Allstate representatives as defendants and to add the claim that Allstate suppressed a material fact by failing to disclose to Crick that, before all of his medical expenses would be paid, he would be required to execute a release.
The trial court denied Allstate’s first motion for summary judgment, and, by the same order, severed Crick’s claim against Allstate from his claims against Knight and others. The trial court, however, granted Allstate’s second motion for summary judgment, and this appeal by Crick followed.
In its brief, Allstate essentially concedes that there are genuine issues of material fact concerning the merits of Crick’s claims, but, nevertheless, argues that, under Alabama law, plaintiff’s claim against Allstate is impermissible because it is nothing more than a direct action by a third-party against the alleged tortfeasor’s (Knight’s) insurance carrier. Allstate relies heavily on this Court’s opinion in Strother v. Alabama Farm Bureau Mutual Casualty Co., 474 So.2d 85 (Ala.1985).
In Strother, this Court construed the plaintiff’s tort claims against the alleged tortfeasor’s insurer as “arising from what amounts to a breach of an alleged settlement agreement where damages which the insurer may become legally liable to pay have not been reduced to judgment.” Id., 474 So.2d at 86. In the present case, both parties agree that a settlement agreement was never purported to have been reached. Furthermore, in his reply brief, Crick concedes that one may not sue an insurance company directly for those damages caused by its insured. He does, however, also correctly point out that one may sue an insurance company directly for its wrongdoing which causes injury separate and apart from that already caused by the insured.
In Clardy v. Royal Ins. Co. of America, 495 So.2d 58 (Ala.1986), decided by this Court subsequent to the filing of briefs by the parties in this case, this Court construed the application of Strother, supra, to facts similar to those presented here. In Clardy, the plaintiff sought to recover against the alleged tortfeasor’s insurer, Royal, only for the unreasonable automobile rental costs arising out of Royal’s representations to him that, because Royal needed to view plaintiff’s automobile before plaintiff had it repaired, Royal would pay all rental charges on a comparable vehicle for plaintiff’s use during the delay. This Court noted that in Strother, we held that a plaintiff cannot sue the defendant’s insurer directly for damages the insured may become legally liable to pay. This Court, however, distinguished what the plaintiff sought in Strother from what the plaintiff sought in Clardy:
“In the present case, however, Clardy is not seeking to recover against Royal for the repair bill or even for the reasonable cost of the rental vehicle used while his damaged car was being repaired. Swierc would be responsible for both of these reasonable costs. Hamrick v. Daniel, 449 So.2d 1247 (Ala.Civ.App.1984). Clar-dy is seeking to recover against Royal only for the unreasonable rental costs arising out of the alleged representations made to him by Royal. [Emphasis added in Clardy.\
“Clearly then, Clardy was not suing Royal for damages which Swierc may become legally liable to pay. Rather, Clardy was suing for damages which only Royal could possibly become legally *1391 liable to pay. Swierc could not be liable under the fraud or breach of contract causes of action, because Swierc was not a party to any representations made or any oral contract entered into between Royal and Clardy. Moreover, there was absolutely no evidence proffered to indicate that Royal was acting as Swierc’s agent when making the alleged statements concerning the rental car.”
495 So.2d at 60. Therefore, in the present case, while Crick may not recover his medical expenses as an element of his claim for damages against Allstate, he may seek to recover any other .damages he can prove were caused by Allstate’s alleged fraudulent misrepresentation and suppression. In his brief, plaintiff describes that for which he claims damages:
“In this case, plaintiff does not seek from the insurance company the same damages to which it is entitled against the insured. Plaintiff seeks damages from the insured in another lawsuit relating to the personal injuries he suffered. From the insurance company, plaintiff seeks to recover for the effort he was unlawfully caused to endure at a time when he was very ill in the hospital; for the forbearance he practiced relative to seeing a lawyer; for the emotional distress proximately caused by the fraud; for other compensatory damages not yet liquidated; and for punitive damages.... Although plaintiff’s damages exceed the effort he expended in giving a statement, which statement was given without benefit of counsel and could prove unfairly detrimental to him, that effort is sufficient compensatory injury to justify a cause of action based on fraud.”
We cannot say that the damages alleged by Crick are insufficient, as a matter of law, to support his claims for fraud. See National States Ins. Co. v. Jones, 393 So.2d 1361, 1368 (Ala.1980): “Once actual damages, even nominal damages, are established, punitive damages may properly be awarded in fraud cases. Pihakis v. Cottrell, [286 Ala. 579, 243 So.2d 685 (1971)].” We find the other arguments advanced by Allstate without merit.
For the foregoing reasons, the judgment below is due to be, and it hereby is, reversed, and the case remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.