507 So.2d 448 (1987)
Charles HOWTON, et al.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
85-605.
Supreme Court of Alabama.
March 13, 1987.
Rehearing Denied May 8, 1987.
Bill Thomason, Bessemer, for appellants.
Thomas A. Woodall of Rives & Peterson, Birmingham, for appellee.
PER CURIAM.
Charles Howton, Marlin E. Jordan, and Janet Jordan appeal from a summary judgment granted in favor of State Farm Mutual Automobile Insurance Company, and made final pursuant to Rule 54(b), A.R. Civ.P. We reverse and remand.
Howton and the Jordans sought damages from Patricia Ann Romanski for property damage and personal injuries allegedly sustained in a motor vehicle accident on December 8, 1984. The complaint also contained a claim against State Farm, the liability carrier for Romanski, because of its refusal to pay for the repair of plaintiffs' automobile pursuant to an alleged settlement agreement.
Plaintiffs' claim against State Farm is set forth in counts 4 and 6 of the complaint, substantially as follows:
"4. Plaintiffs allege that ... the defendant State Farm Mutual Automobile Insurance Company contacted them and agreed to pay the repair bills for the repairs to the plaintiffs' vehicle and agreed with the plaintiffs for the repair of plaintiffs' vehicle, at the expense of the defendant State Farm Mutual Automobile Insurance Company and without prejudice to the plaintiffs' right to claim damages for personal injury. Plaintiffs, in reliance upon their agreement with the defendant State Farm Mutual Automobile Insurance Company, contracted for repairs to their automobile.... Plaintiffs allege that the defendant State Farm Mutual Automobile Insurance Company breached said agreement for that it failed, after receiving demand from plaintiffs for the payment of said repairs, to pay said sums to them and tendered a partial payment for the repairs of said automobile, which partial payment is in the form of a draft issued by the defendant State Farm Mutual Automobile Insurance Company, which draft includes a general release....
"....
"6. Plaintiffs allege that their claim for damages against the defendants, separately and severally, are brought under the following theories of liability: ...

*449 Their claim against the defendant State Farm Mutual Automobile Insurance Company is for breach of contract and outrage...."
The trial court's order granting State Farm's motion for summary judgment on a stipulation of facts and citing in its order the case of Strother v. Alabama Farm Bureau Mutual Casualty Co., 474 So.2d 85 (Ala.1985), reads, in part, as follows:
"The plaintiffs and the defendant State Farm Mutual Automobile Insurance Company stipulate that the facts, when viewed most favorably to the plaintiffs, are as follows: A 1977 Chevrolet Nova automobile, that was owned by one or more of the plaintiffs, was involved in a collision with another automobile; the other automobile was being operated by the defendant Patricia A. Romanski. The defendant Patricia A. Romanski is insured by State Farm Mutual Automobile Insurance Company. Following the collision, State Farm Mutual Automobile Insurance Company agreed with the plaintiffs for the plaintiffs to have their vehicle repaired by Long-Lewis Ford and the defendant State Farm Mutual Automobile Insurance Company agreed, prior to the time of the repairs, to pay for the costs of the repairs. In reliance [on] the agreement, the plaintiffs delivered their automobile to Long-Lewis Ford and Long-Lewis Ford repaired it. Following the repairs, State Farm Mutual Automobile Insurance Company refused to pay the bill unless the plaintiffs endorsed a check that contained a general release. Demand was made on State Farm to pay for the property damage, with a reservation of plaintiffs' rights to claim damages for personal injury, and the demand was refused. The court finds that all of the elements necessary to present a jury question of a breach of contract existed; that is, there is evidence to support the plaintiffs' contentions that they entered into an agreement with the defendant State Farm Mutual Automobile Insurance Company and that there was consideration to support the agreement. In addition, there is evidence that the plaintiffs changed their position in response to the agreement and that, in reliance on the agreement, they had the car repaired. Therefore, there was a breach of the agreement and injury to the plaintiffs. Likewise, the court finds that there is no evidence before the court that would entitle the defendant State Farm Mutual Automobile Insurance Company to a directed verdict on the plaintiffs' outrage claim and a Motion for Summary Judgment on said claim should be overruled, except for the absence of a duty between the parties, as is hereinafter addressed in this order.
"Alabama Supreme Court in Strother, et al. v. Alabama Farm Bureau Mutual Casualty Company, 474 So.2d 85 (Ala. 1985), held in a similar situation, that there are no circumstances whereby the insurance carrier negotiating with a third party on behalf of its insured can become directly liable, because of acts committed during the course of the negotiations with the person making a claim against its insured, to the claimant. Based thereon, this court finds that under the stipulated facts in this case Strother, supra, requires the entry of a summary judgment in favor of the defendant State Farm Mutual Automobile Insurance Company."
The trial court's order, finding from the stipulated facts all the elements of an actionable breach of contract, coupled with absence of a factual defense to the claim based on the tort of outrage, is an obvious expression of its frustration in denying plaintiffs' relief. Yet, it felt duty-bound to grant the insurer's motion for summary judgment because of Strother. The trial court analyzed Strother to hold "that there are no circumstances whereby the insurance carrier negotiating with a third party on behalf of its insured can become directly liable, because of acts committed during the course of the negotiations with the person making a claim against its insured, to the claimant." While this language may dramatize Strother`s holding in its worst light, we cannot disagree with this analysis. Further, we understand the trial court's utter frustration in being forced to *450 reject elementary principles of contract and tort law, and then to deny plaintiffs' relief. Accordingly, we hasten to overrule Strother and thereby vindicate the soundness of the trial court's reasoning.
As authority for its holding, Strother cites four cases: Stewart v. State Farm Ins. Co., 454 So.2d 513 (Ala.1984); Ivory v. Fitzpatrick, 445 So.2d 262 (Ala.1984); Kennedy Electric Co. v. Moore-Handley, Inc., 437 So.2d 76 (Ala.1983); and Maness v. Alabama Farm Bureau, Inc., 416 So.2d 979 (Ala.1982). That portion of the holding in each of these cases relied upon in Strother affirms the fundamental and well-established general principle that an accident victim (a third party to a liability insurance contract) cannot maintain a direct action against the insurer for the alleged liability of the insured where the legal liability of the insured has not been determined by judgment. None of these cases stands for the proposition that a direct action against the insurer is barred where the insurer, acting independently of its insured, enters into a contract with, or commits a tort against, a third-party claimant.
In none of the cases cited and relied upon in Strother was the insurer, independent of its insured and its obligation to pay its insured's liability, alleged to have contracted directly with the third party or to have committed a tort directly against the third party. In each of the circumstances there involved, the general rule prohibiting a direct action against the insurer for the insured's alleged liability was correctly applied.
In Strother, however, the rule was misapplied, for there the third-party claimant alleged that the insurer, acting independently of its insured and directly with the third party, committed actionable fraud and the tort of outrage. To apply the general prohibition against a direct action under these circumstances is to permit the insurer to commit otherwise actionable wrongs with impunity. To be sure, a logical extension of the Strother holding would also render unenforceable contracts of release legitimately obtained from the third party by the insurer. Surely, contracts entered into between a third party and an insurer are mutually enforceable without regard to which of the parties committed the breach.
Furthermore, in two recent cases, this Court has effectively overruled Strother already, although the language in each case speaks in terms of distinguishing Strother. Crick v. Allstate Insurance Co., 499 So.2d 1388 (Ala.1986), and Clardy v. Royal Insurance Co. of America, 495 So.2d 58 (Ala.1986). In each case, the trial court, relying on Strother, granted the insurer's motion for summary judgment in a fact situation strikingly similar in all material aspects to those in Strother and in the instant case. This Court reversed in both Crick and Clardy, stating in Clardy the applicable principle in the following language:
"Clearly then, [the third party] was not suing [the insurer] for damages which [the insured] may become legally liable to pay. Rather, [the third party] was suing for damages which only [the insurer] could possibly become legally liable to pay. [The insured] could not be liable under the fraud or breach of contract causes of action, because [the insured] was not a party to any representations made or any oral contract entered into between [the insurer] and [the third party]." 495 So.2d at 60.
We acknowledge that Crick and Clardy contain language that appears to restrict the third-party's recovery of damages in a direct action against the insurer to those damages not otherwise recoverable against the insured tort feasor. This restrictive language is explained by the fact that the plaintiff in each of those cases felt restrained to so fashion his claim as to avoid the harsh application of Strother. But, the restrictive language of Crick and Clardy notwithstanding, the holdings of those two cases make abundantly clear the proposition that the rule prohibiting direct actions against the insurer has no application where the insurer undertakes a new and independent obligation directly with a nonparty to the insurance contract in its efforts to negotiate a settlement of the third *451 party's claim. Indeed, an insurance carrier is no less liable under the law for the breach of its own contract obligations or for its own tortious conduct than is any other party.
Therefore, the trial court's plea for rectification is vindicated; Strother is expressly overruled; the judgment is reversed; and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and HOUSTON and STEAGALL, JJ., dissent.
STEAGALL, Justice, (dissenting).
I respectfully dissent. This holding poses two novel questions: (1) Will the injured party be able to recover contract damages, presumably the cost of having the car repaired, from the insurer and tort damages, the diminution in value of the automobile, again presumably the cost of having the car repaired, from the insured tort-feasor? (2) Will the injured party be able to join his claims against the insured and the insurer, and, thereby, circumvent the direct action statute, Code 1975, § 27-23-2, and the general rule against injecting the issue of the existence of insurance into a tort action?
In my opinion, the Court may be turning a page that does not need to be turned. It seems to me that the aggrieved party who is without fault would have a greater opportunity to obtain speedy and inexpensive relief from the tort-feasor's insurer with Strother v. Alabama Farm Bureau Mutual Casualty Co., 474 So.2d 85 (Ala.1985), as the law than if that case is overruled.
Crick v. Allstate Insurance Co., 499 So.2d 1388 (Ala.1986), and Clardy v. Royal Insurance Co., 495 So.2d 58 (Ala.1986), are easily distinguishable from Strother, supra. These cases merely hold that the tort-feasor's insurer may be held accountable for a wrong that has nothing to do with the insured and for which the insured is not liable.
I would affirm.
TORBERT, C.J., and HOUSTON, J., concur.