SHORES, Justice.
This is an appeal from a summary judgment granted in favor of the defendant, Alexsis, Inc. The facts of the case revolve around a slip and fall incident that injured plaintiff Sean Christopher Nelson, a minor, who sues through his father, Bobby Nelson. Alexsis is the liability insurance carrier for Wal-Mart Stores, Inc., the owner of the premises on which the accident occurred, and Bobby Nelson individually has sued the insurer for damages he claims resulted from an alleged misrepresentation by the insurer upon which he allegedly relied to his detriment.[1]
The facts of the case are as follows: On January 18, 1982, Sean Nelson slipped and fell on a wet surface in Wal-Mart’s store. He injured his left leg. In February, Mr. Bobby Nelson discussed the accident with one of the defendant’s claim examiners and was told that Sean’s medical bills “wouldn’t be any problem.” In December, Mr. Nelson’s wife contacted Alexsis about paying the bills that had accumulated, but was informed that Alexsis would not or could not pay them at that time. Several months *776 later, Mr. Nelson came to the conclusion that Alexsis had no intention of paying the medical bills, and he sought legal advice. By that time, however, the statute of limitations (then one year after the date of injury) had run on any action that Mr. Nelson might have had against Wal-Mart, the insured. Thereafter, on May 7, 1984, Mr. Nelson filed suit against Alexsis, alleging fraud in its representation that it would pay the medical expenses related to Sean’s slip and fall accident, and alleging that he had relied on this representation and, because of his reliance, had failed to file a negligence suit against the owner of the premises within the statutory period.
The plaintiffs have not produced any evidence from which a factfinder could conclude that agents of Alexsis said anything to suggest that it would pay Sean’s medical bills if the Nelson’s did not sue Wal-Mart. At most, the statements of the Alexsis employees permit an inference that it would pay Sean’s medical bills when those bills were presented for payment. It is not disputed that the plaintiffs have never submitted any bills to Alexsis for payment.
In this case there was some apparent difficulty in determining which medical bills are directly related to the slip and fall, because Sean suffered from a prior existing condition that required on-going treatment for the leg that sustained this injury. Thus, assuming that its insured (Wal-Mart) could have been shown to be liable to the Nelsons for negligence in connection with the slip and fall, the insurer could not have been expected to make payments before knowing the extent to which its insured would be liable. Likewise, in this case Alexsis has not rejected any medical bills. None has been submitted to it. The plaintiffs assert only that they became convinced in their minds that Alexsis would refuse to pay the bills if and when the bills were submitted for payment.
The plaintiffs argue in their brief that two recent cases from this Court permit a person injured by an insured tort-feasor to bring a direct action against the tort-fea-sor’s insurance carrier. This contention is too broad. We hold, therefore, that the trial court properly granted summary-judgment on the fraud claim.
This Court has recently reaffirmed that there is a “fundamental and well-established general principle that an accident victim (a third party to a liability insurance contract) cannot maintain a direct action against the insurer for the alleged liability of the insured where the legal liability of the insured has not been determined by judgment.” Howton v. State Farm, Automobile Insurance Co., 507 So.2d 448 at 450 (Ala.1987).
In Crick v. Allstate Insurance Co., 499 So.2d 1388 (Ala.1986), the insurer’s claims adjusters were alleged to have promised to pay all of the plaintiff's medical bills if he would give them a statement. The plaintiff had been injured in an automobile accident in which the insured was the driver and the plaintiff was a passenger. There, the plaintiff asserted that the only reason he gave the statement was the insurer’s promise to pay all of his medical bills, and that he refrained from consulting his lawyer because of the representations of the insurer’s adjusters. There we held that the insurer might be liable in damages to the plaintiff based upon the alleged representation that it’s insurer would pay all of his medical expenses, although the policy provided for limited medical benefits. We held that a suit against the insurer based upon this alleged representation did not constitute a direct action against the insurer on the contract. The plaintiffs here, however, can take no comfort from that holding, because they have failed to allege facts to show that Alexsis in any way represented to them that it would pay Sean’s medical bills in exchange for their forbearing to sue Wal-Mart. In short, the facts fall short of establishing the tort of fraud.
Likewise, Clardy v. Royal Insurance Co. of America, 495 So.2d 58 (Ala.1986), fails to support the plaintiffs’ case. In Clardy, the insurer told the plaintiff that it would pay for the use of a substitute automobile while it examined the plaintiff’s automobile, which had been damaged by the insured. There we held that the undertaking went beyond the terms of the policy *777 and constituted a new and independent obligation assumed by the insurer. The suit against the insurer by the person injured or damaged at the hands of the insured tort-feasor was, likewise, not a direct action on the contract. The plaintiff in Clardy stated a claim based upon a new and independent contract. The plaintiffs here have not stated a similar case.
The assertion by the insurer’s representative that Sean’s medical bills “wouldn’t be any problem,” could not be seen as a “new and independent obligation” undertaken by the insurer “directly with a non-party to the insurance contract in its efforts to negotiate a settlement of the third party’s claim.” Howton, supra, at 450-51. Thus, in and of itself, the statement does not give rise to an action that falls within the narrow exceptions to the general principle.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

. Although the lawsuit and this appeal were in the names of the father and the son, we do not ascertain the son’s role or claims in them.