State Farm Fire and Casualty Company ("State Farm") appeals, pursuant to Rule 5, A.R.App.P. ("Appeal by permission"), from the trial court's interlocutory order denying its motion for a summary judgment. We affirm.
Thomas Green leased a commercial building and certain items of business-related personal property to James Barnes, who purchased insurance coverage on Green's personal property from State Farm. After the building and its contents (including the personal property owned by Green) were damaged by fire, Green sued Barnes, alleging negligence, and State Farm, alleging that he was a third-party beneficiary under the State Farm policy and, therefore, that he was entitled under that policy to be compensated for the damage to his personal property. State Farm moved for a summary judgment, taking the position that Green could not maintain such an action directly against it without first obtaining a judgment against Barnes, or, in the alternative, that if such an action was proper, there was insufficient evidence that Green was intended to receive a direct benefit from the policy. The trial court denied State Farm's motion and State Farm appeals.[1]
Two issues are presented for our review:
 1) Whether State Farm was entitled to a judgment as a matter of law on the ground that Green cannot maintain a breach of contract action directly against State Farm; and
 2) Whether State Farm was entitled to a judgment as a matter of law on the ground that there is insufficient evidence that Green was intended to receive a direct benefit from the policy.
With regard to the first issue, State Farm correctly points out that when the liability of an insurer to pay for injuries suffered by a third party is predicated on the establishment of the liability of its insured to that third party, a direct action by the third party against the insurer is not permitted under Alabama law until the third party has obtained a judgment against the insured. See Howton v. State Farm Mutual AutomobileIns. Co., 507 So.2d 448 (Ala. 1987); Stewart v. State Farm Ins.Co., 454 So.2d 513 (Ala. 1984); Maness v. Alabama Farm BureauMutual Casualty Ins. Co., 416 So.2d 979 (Ala. 1982); see, also,Ivory v. Fitzpatrick, 445 So.2d 262 (Ala. 1984). However, as Green correctly observes, the rule is also well established in Alabama that one for whose benefit a contract is made, although he is not a party to the agreement and does not furnish the consideration therefor, may maintain an action on the contract against the promisor. Stating the rule otherwise, a third party can enforce a contract entered into between others for his direct benefit. This Court has held that a third party can sue an insurer directly under a third-party *Page 540 
beneficiary theory without first obtaining a judgment against the insured, provided that the insurer's liability is not predicated on the establishment of the liability of its insured. See Employers Ins. Co. of Alabama v. Rhodes, 240 Ala. 226,198 So. 616 (1940); Barlowe v. Employers Ins. Co. ofAlabama, 237 Ala. 665, 188 So. 896 (1939). See, also, Howton v.State Farm Mutual Automobile Ins. Co., supra. Therefore, the pivotal question presented by the first issue is whether State Farm's contractual obligation to pay for Green's damaged property is predicated on the establishment of Barnes's legal liability to Green for the damage to that property.
The State Farm policy contained in the record is divided into two sections. Section one ("Property Coverages") provides, in pertinent part, as follows:
 "This policy covers Business Personal Property owned by the insured at the premises described in the Declarations for which a limit of liability is shown; while in or on the buildings, or in the open (including within vehicles) or within 100 feet of the described premises. This policy covers similar property held by the insured and owned in whole or part by others. The limit of the Company's liability shall not exceed the amount for which the insured is legally liable, including:
 "1. the value of materials furnished and labor performed; and
"2. charges incurred; by the insured.
". . . .
 ". . . This policy is extended, as an additional amount of insurance, to cover business personal property of others. The property must be located on the premises described in the Declarations and in the care, custody or control of the insured. The amount of insurance is limited to $1,000 per person and to an aggregate limit of $10,000 per occurrence.
". . . .
 ". . . The Company will adjust all losses with the insured. The Company will pay the insured unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable sixty days after the Company receives and accepts the insured's proof of loss and:
"a. reaches agreement with the insured;
"b. there is an entry of a final judgment; or
 "c. there is a filing of an appraisal award with the Company.
". . . .
 "In the event claim is made for loss to property of others held by the insured, the right to adjust such loss or damage with the owner or owners of the property is reserved to the Company and the receipt of payment by such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the insured for which such payment has been made.
 "If legal proceedings are taken to enforce a claim against the insured as respects to any such loss or damage, the Company reserves the right at its option without expense to the insured, to conduct and control the defense on behalf of and in the name of the insured. No action of the Company in such regard shall increase the liability of the Company under this policy, nor increase the limits of liability specified in the policy."
Section two of the policy ("Comprehensive Business Liability") reads in part as follows:
 "The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, property damage or personal injury caused by an occurrence to which this insurance applies."
". . . .
 "Under Coverage L (liability coverage), this policy does not apply:
". . . .
"to damage to property:
 "a. owned or occupied by or rented to the insured, or, except with respect to the use of elevators, to property held by the insured for sale or entrusted to the insured for storage or safekeeping; but this exclusion does not apply to property damage to structures rented to or occupied by the named insured, including fixtures permanently attached thereto, if such property *Page 541 
damage arises out of any Peril Insured in Section 1 of this policy for which coverage is specifically granted for Property Damage Legal Liability under Section II Extensions of Coverage. . . ."
"Property damage" is defined in section two as follows:
 "physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom; or
 "loss of use of tangible property which has not been physically injured or destroyed, provided such loss of use is caused by an occurrence during the policy period."[2]
After examining the record, specifically the policy and the testimony of the State Farm agent who sold it to Barnes, we cannot agree with State Farm that its contractual obligation to pay for Green's damaged property is "clearly" predicated on the establishment of Barnes's legal liability to Green. The pertinent portions of section one, as set out above, indicate that State Farm may be contractually bound, to the extent of the policy limits, to pay for the damage done to Green's property, irrespective of the legal liability of Barnes. In addition, the availability of liability coverage under section two of the policy and the provision in that section excluding coverage for damage to the property leased to an insured suggests that State Farm intended for personal business property to be covered under section one of the policy, regardless of whether its insured is legally liable to a third party. We note State Farm's reliance on the following language from section one: "The limit of the Company's liability shall not exceed the amount for which the insured is legally liable. . . ." However, this language, although it appears clear when considered by itself, must be considered in its proper context. The entire provision, as previously set out in this opinion, reads as follows:
 "This policy covers Business Personal Property owned by the insured at the premises described in the Declarations for which a limit of liability is shown; while in or on the buildings, or in the open (including within vehicles) or within 100 feet of the described premises. This policy covers similar property held by the insured and owned in whole or part by others. The limit of the Company's liability shall not exceed the amount for which the insured is legally liable, including:
 "1. the value of materials furnished and labor performed; and
"2. charges incurred; by the insured.
A fair reading of this provision, as a whole, indicates that that part relied on by State Farm may refer, at least in part, to the insured's liability for any expenses that he may incur in repairing or replacing damaged property, not to the insured's liability to the lessor of personal business property. Under this interpretation, the language relied on by State Farm could be applicable no matter whose property was damaged (the insured's or the third party's). However, if we placed on this language the interpretation urged by State Farm then it would be difficult to imagine how this limitation on liability could apply when only the insured's property is damaged.[3] When asked to explain what this provision meant, Cedric Bradford, the agent who sold the policy to Barnes, stated that he was "not sure" and that an explanation of the policy would have to come from his claims officer.
It seems to us that the trial court would have been justified in concluding that section one of the policy is ambiguous as to whether a judgment against Barnes is a condition precedent to State Farm's contractual obligation to pay for Green's property. Therefore, we cannot hold that State Farm is entitled to a judgment as a matter of law under the rationale ofStewart v. State Farm Ins. Co. and Maness v. Alabama FarmBureau Mutual Casualty Ins. Co., supra. *Page 542 
With regard to the second issue, we conclude that the evidence is sufficient to create a fact question as to whether Green was intended to receive a direct benefit under the policy. The evidence, viewed in the light most favorable to Green, Rule 56, A.R.Civ.P., indicates that Barnes purchased the policy in part to protect Green, should any of Green's property be damaged while in Barnes's possession. The record also indicates that State Farm's agent, Cedric Bradford, was shown a copy of the lease between Barnes and Green and that he understood that the policy was intended to benefit Green, as a third-party lessor. Moreover, the very purpose of the policy was to protect "others" whose property might be damaged while in the possession of the insured. As the policy clearly shows, State Farm even reserved the right to adjust a claim directly with the owner of property damaged while under lease to its insured. See Mutual Benefit Health Accident Ass'n of Omaha v.Bullard, 270 Ala. 558, 567, 120 So.2d 714, 723 (1960) ("[t]he intention of the parties disclosed by the writing and surrounding circumstances known to the parties, and not their motive, determines the rights of the third-party beneficiary"); see, also, 4 Corbin, Contracts § 781, at 70 (1951) (there is no requirement that the intended beneficiary be in existence or be identifiable at the time the contract is entered into; it is sufficient that he be identifiable at the time performance is due). We are, therefore, not persuaded by State Farm's argument that it is entitled to a judgment as a matter of law on the ground that Barnes's primary motive in purchasing the policy was to protect himself, or on the ground that the word "others" as used in the policy did not include Green.
For the foregoing reasons, the trial court's order denying State Farm's motion for a summary judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
[1] The notice of appeal filed in this case also carried the name of the insured, Barnes; however, in fact, only State Farm and Green are parties to this appeal.
[2] Although the record is not clear, it appears that Barnes did not purchase the comprehensive business liability coverage under section two. However, section two of the policy is relevant in determining the scope of the coverage provided under section one.
[3] The record indicates that State Farm has paid Barnes for the damage done to his personal property. It is obvious, therefore, that State Farm construes this limiting language as applying only when a third party's property is damaged while being held by its insured.