Leslie Lammon (son) claimed to have injured his ankle, foot, and back when he accidentally stepped into a post-hole concealed by weeds in the backyard of his mother, Frankie Lammon. The mother owned a homeowner's insurance policy issued by Trinity Universal Insurance Company. On November 23, 1995, the son sued his mother, who by then had moved to a nursing home, alleging negligence and seeking $100,000 in damages. The mother, through her attorney, answered the complaint on February 28, 1995. The mother has since died.
Without the knowledge of the mother's attorney, the son and his attorney visited the mother in her room in the nursing home to interview her on the day before her scheduled deposition. The mother apparently was unaware that a deposition had been scheduled for the next day.[1] Upon being informed that the mother was unaware of the pending deposition, the son's attorney telephoned the mother's attorney from her room to confirm the deposition schedule. Upon learning that the son's attorney was meeting with his client, the mother's attorney ordered the *Page 838 
son's attorney to leave immediately and not to contact his client again without his permission. Although the son's attorney left, he subsequently made contact with the mother by sending two proposed affidavits to her in an effort to have her support his contention that no substantive conversations about the case took place on the day he had visited her. She refused to sign the first affidavit, but subsequently signed an affidavit, which appears in the record.
The mother's attorney complained to the Alabama State Bar Association regarding the conduct of the son's attorney in making an unauthorized contact with his client, who he knew was represented by counsel. He also moved for sanctions in the trial court, including the sanction of disqualification of the attorney from this case. On September 15, 1995, the trial court ordered the son's counsel disqualified from continuing to represent the son. A joint motion for reconsideration, which was filed by the son and his attorney, was denied, and this appeal followed.
The son and his attorney contend here that the trial court erred by disqualifying the son's attorney. Our Supreme Court has held that the proper method to seek review of an order denying or granting a motion to disqualify an attorney from representing a client is by a petition for a writ of mandamus. See Ex parte Central States Health Life Co. of Omaha,594 So.2d 80 (Ala. 1992). For the purpose of judicial economy, we will treat this appeal as a petition for a writ of mandamus.
A trial court has the authority and the discretion to disqualify counsel for violating the Rules of Professional Conduct, and a "common sense" approach should be used.Roberts v. Hutchins, 572 So.2d 1231, 1234 (Ala. 1990). See alsoEx parte AmSouth Bank, N.A., 589 So.2d 715 (Ala. 1991).
Rule 4.2, Alabama Rules of Professional Conduct, states:
 "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."
In this case, the son's attorney acknowledged going to the nursing home where the mother was residing to interview her for her upcoming deposition. He contended that he did this because he mistakenly believed that she was a witness and that the insurance company was the real party defendant.[2] He further claimed that he did not actually discuss the case with the mother because, he says, when he telephoned the mother's attorney, he was instructed not to talk to her. The mother's affidavit supports the attorney's contention that the facts of the accident were not discussed, and that after her son's attorney telephoned her attorney, his attorney left.
The son's affidavit states that he accompanied his attorney to his mother's room, and that upon arriving there, his attorney "introduced himself and explained the purpose of his visit. He told her in my presence that he wanted to talk with her about the facts of the case before her deposition the following day." Although the son's affidavit also states that no discussion of the case took place because of the insistence of the mother's attorney, the record clearly discloses that the son's attorney visited the mother, whom he knew to be represented by an attorney, and that the purpose of his unauthorized visit was to discuss the facts of the case; in other words, to "communicate about the subject of the representation." Rule 4.2, Alabama Rules of Professional Conduct.
This court will not direct the trial court to allow the son's attorney to continue his representation. Common sense supports the trial court's disqualification of an attorney who may have violated the Rules of Professional Conduct, and we find no abuse of the trial court's discretion. *Page 839 
 "Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. In cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse. Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala. 1989)."
Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990).
Based upon the foregoing, the writ of mandamus is denied.
WRIT DENIED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.
[1] Her attorney stated in his affidavit that he had intentionally not told her about the deposition because he did not want to upset her, referring to her as fragile and elderly.
[2] "[W]hen the liability of an insurer to pay for injuries suffered by a third party is predicated on the establishment of the liability of its insured to that third party, a direct action by the third party against the insurer is not permitted under Alabama law until the third party has obtained a judgment against the insured." State Farm Fire Cas. Co. v. Green,624 So.2d 538, 539 (Ala. 1993). (Citations omitted.)