BRYAN, Judge.
The defendant, Safeway Insurance Company of Alabama (“Safeway”), appeals a summary judgment in favor of the plaintiff, State Farm Mutual Automobile Insurance Company (“State Farm”). We affirm.
The parties agree on the material facts. On June 24, 2005, Ethel Day was injured when her vehicle and Otis McGuire’s vehicle collided. Day’s automobile-liability policy with State Farm provided her with medical-payments coverage, and State Farm paid her $4,205 in medical-payments benefits as a result of the injury she sustained in the collision. Day’s policy further provided for the subrogation of State Farm to Day’s rights to the extent of the $4,205 State Farm had paid her. In addition, the policy required Day to hold in trust for State Farm $4,205 of the proceeds of any recovery she received from McGuire or his liability-insurance carrier in order to reimburse State Farm for the $4,205 it had paid her.
On August 20, 2005, State Farm notified McGuire’s liability-insurance carrier, Safeway, that State Farm had determined that McGuire was responsible for the collision and that, by virtue of its payment of medical-payments benefits to Day, State Farm had a subrogation claim in the amount of $4,205. However, Safeway did not agree to protect State Farm’s interest in the event it settled a claim by Day against McGuire.
On November 30, 2005, Safeway paid Day $15,500 in full settlement of her claim against McGuire, and Day released McGuire and Safeway from all claims arising from the collision. Safeway took no action to protect State Farm’s interest in the proceeds of the settlement, and State Farm did not receive any of the proceeds.
After learning that Safeway had paid the settlement proceeds to Day, State Farm demanded that Safeway pay State Farm’s subrogation claim in the amount of $4,205, but Safeway refused. Thereafter, State Farm sued Safeway and eventually moved for a summary judgment. As the basis of its summary-judgment motion, State Farm argued that Safeway’s knowledge of the existence of State Farm’s sub-rogation claim placed Safeway under a duty to protect State Farm’s subrogation interest in the proceeds of the settlement with Day and that its breach of that duty rendered Safeway liable to State Farm for the amount of its subrogation claim.
In opposition to the summary-judgment motion, Safeway argued (1) that Alabama law did not permit State Farm to bring a direct action against Safeway, and (2) that Safeway did not owe a duty to protect State Farm’s subrogation interest in the proceeds of the settlement because Safeway did not agree to do so.
The trial court granted State Farm’s summary-judgment motion and entered a judgment in favor of State Farm in the amount of $4,205. Safeway then appealed to this court.
We review a summary judgment de novo. See Northwest Florida Truss, Inc. v. Baldwin County Commission, 782 So.2d 274, 276 (Ala.2000). On appeal, Safeway *416 argues, as it did in the trial court, (1) that Alabama law does not permit State Farm to bring a direct action against Safeway, and (2) that Safeway did not owe State Farm a duty to protect State Farm’s sub-rogation interest in the settlement proceeds because Safeway did not agree to do so.
The Alabama Supreme Court has held that a party injured in an accident with a tortfeasor “cannot bring a direct action against the [tortfeasor’s] insurance carrier, absent a final judgment against [the tortfeasor].” Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., 416 So.2d 979, 982 (Ala.1982). However, in Williams v. State Farm Mutual Automobile Insurance Co., 886 So.2d 72, 74-75 (Ala.2003), the Alabama Supreme Court stated:
“In Howton v. State Farm Mutual Automobile Insurance Co., 507 So.2d 448, 450 (Ala.1987), we acknowledged ‘the fundamental and well-established general principle that an accident victim (a third party to a liability insurance contract) cannot maintain a direct action against the insurer for the alleged liability of the insured where the legal liability of the insured has not been determined by judgment.’ However, we also held that a third party could bring a direct action against an insurer under such circumstances “where the insurer undertakes a new and independent obligation directly with a nonparty to the insurance contract in its efforts to negotiate a settlement of the third party’s claim.’ 507 So.2d at 450-51 (emphasis added). A ‘new and independent obligation’ exists when ‘the insurer, acting independently of its insured, enters into a contract with, or commits a tort against, a third-party claimant.’ 507 So.2d at 450.”
(Second emphasis added.) Thus, if Safeway, in its efforts to negotiate a settlement of Day’s claim, entered into a contract with, or committed a tort against, State Farm, State Farm could bring a direct action against Safeway.
Safeway argues that it did not enter into a contract with State Farm to protect State Farm’s subrogation interest because, Safeway alleges, it did not agree to protect State Farm’s subrogation interest. We agree with that argument. Safeway also argues that it did not commit a tort against State Farm because, it alleges, it did not owe State Farm a duty of care to protect its subrogation interest in the absence of an agreement to do so. We disagree with that argument. The Alabama courts have recognized that, even if a tort-feasor or his insurer have not agreed to protect the subrogation interest of an injured party’s insurer, the subrogation claim will survive a settlement in which the subrogation interest is not protected if the tortfeasor or his insurer have notice or knowledge of the subrogation claim. See Miller v. Auto-Owners Ins. Co., 392 So.2d 1201, 1203 (Ala.Civ.App.1981) (“[I]f the tort-feasor has notice or knowledge of [the injured party’s] insurer’s rights as subro-gee at the time the release is executed by the [injured party], that release will be regarded as subject to the rights of the insurer-subrogee. If, on the other hand, the tort-feasor is without notice or knowledge of those rights at the time of execution of the release, the release will act as a bar to the insurer-subrogee’s claim. The question, therefore, is reduced to one of notice or knowledge.”). That rule implies that notice or knowledge of a subrogation claim at the time of the settlement places the tortfeasor’s insurer under a duty to protect the subrogation interest of the injured party’s insurer.
*417 Accordingly, in the case now before us, we hold that State Farm’s notifying Safeway of State Farm’s subrogation claim placed Safeway under a duty of care to protect State Farm’s subrogation interest in the subsequent settlement with Day. Safeway breached that duty by failing to protect State Farm’s subrogation interest when Safeway settled with Day. Therefore, Safeway committed a tort for which State Farm was entitled to bring a direct action against Safeway to recover the amount of its subrogation claim. Consequently, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.